**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3463-21

ROBERT J. TRIFFIN,

     Plaintiff- Appellant,

v.

PINO'S PIZZERIA &
RESTAURANT, MARK
HENRY, and JOSE MATIAS,

     Defendants-Respondents.

_____

          Argued October 2, 2023 – Decided November 22, 2023

          Before Judges Berdote Byrne and Bishop-Thompson.

          On appeal from the Superior Court of New Jersey, Middlesex County, Docket No. DC-010049-21.

          Robert J. Triffin, appellant, argued the cause pro se.

          Respondents have not filed a brief.

PER CURIAM

Plaintiff appeals from a May 25, 2022, trial court order granting summary judgment to defendant Pino's Pizzeria & Restaurant.[1]  We affirm.

We use the same standard as the trial court and review summary judgment orders de novo.  Davis v. Brickman Landscaping Ltd., 219 N.J. 395, 405-06, (2014); Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 540 (1995). Therefore, we accept the facts as alleged by plaintiff and view them in the light most favorable to plaintiff, as the party against whom summary judgment was granted.  Branco v. Rodrigues, 476 N.J. Super. 110, 115 (App. Div. 2023) (quoting Bauer v. Nesbitt, 198 N.J. 601, 604 n.1 (2009)).  Based on the record, the material facts are not in dispute.

On August 15, 2020, Pino's, through its owner, Mark Henry, issued a payroll check to its employee, Jose Matias, in the amount of $200.97.  A few days later, on August 18, 2020, Pino's issued a second payroll check to Matias in the amount of $416.10.

The next day, Matias electronically deposited both checks into his bank account.  Pino's banking institution, BCB Community Bank (BCB), paid each deposited check.

---

[1]  Plaintiff voluntarily dismissed Jose Matias after the entry of summary judgment.

On February 4, 2021, Matias presented, endorsed, and cashed the physical check in the amount of $416.10 to Checks-2-Cash, Inc., a check-cashing business. Five days later, on February 9, Matias returned to Checks-2-Cash and presented the other endorsed Pino's payroll check in the amount of $200.97. When Checks-2-Cash attempted to deposit the checks, BCB dishonored each check as a double presentment and returned them without payment.

On August 10, 2021, Checks-2-Cash assigned both of Matias's checks to plaintiff. As the holder in due course after assignment, plaintiff filed a complaint pursuant to N.J.S.A. 12A:3-414(b).

After the close of discovery, defendants moved for summary judgment. Plaintiff opposed the motion. The motion judge granted defendants' motion for summary judgment, dismissing plaintiff's complaint with prejudice.[2] On the dismissal order, the judge determined this action had a "similar fact pattern to Triffin v. SHS Group, LLC, 466 N.J. Super. 460 (App. Div. 2021)." The judge further determined "[t]he copies of checks provided in the plaintiff's motion [were] admissible pursuant to N.J.R.E. 1003 and as a business record pursuant to N.J.R.E. 803(C)(6) and Hahnemann University Hospital v. Dudnick, 292 N.J. Super. 11 (App. Div. 1996)."

---

[2] The record does not include a transcript of the oral argument.

 A-3463-21

Plaintiff contends the motion judge erred in not applying the legal requirements of the Check Clearing for the 21st Century Act (Check 21), 12 U.S.C. §§ 5001-04.[3] Specifically, the substitute payroll checks did not bear the legal legend required in 12 U.S.C. 5003, "This is a legal copy of your check. You can use it the same way you would use the original check." Conversely, he contends, under the Supremacy Clause in the United States Constitution, the motion judge did not have the authority to disregard or substitute redacted bank records for the legal legend requirement in 12 U.S.C. § 5003. We conclude plaintiff's contentions lack merit.

The New Jersey Uniform Commercial Code governs "negotiable instruments." N.J.S.A. 12A:3-101 to -119. Checks are "negotiable instruments" within the meaning of the statute when they are "payable to a bearer for a fixed amount, on demand, and do[] not state any other undertaking by the person promising payment, aside from the payment of money." Triffin v. Somerset

---

[3] Effective October 28, 2004, the Check Clearing for the 21st Century Act is a federal law that authorizes a substitute check as the legal equivalent of the original check if (1) it accurately represents all of the information on the front and back of the original check as of the time it was truncated (including payment, identification, and indorsement information), (2) it bears the legend: "This is a legal copy of your check. You can use it the same way you would use the original check," and (3) a bank has made the Check 21 warranties with respect to the substitute check. Pub. L. No. 108-100, 117 Stat. 1177 (2003).

Valley Bank, 343 N.J. Super. 73, 82 (App. Div. 2001); N.J.S.A. 12A:3-104. A "drawer" is "a person who signs or is identified in a draft as a person ordering payment." N.J.S.A. 12A:3-103(a)(3).

Under N.J.S.A 12A:3-414(c), there is a defense when "a draft is accepted by a bank, the drawer is discharged, regardless of when or by whom acceptance was obtained." Federal law contains a similar provision to N.J.S.A. 12A:3-414(c), exempting a drawer from having an instrument enforced when the instrument has already been paid. 12 U.S.C. § 5004(2).

The record is uncontroverted. Matias electronically deposited his payroll check into his personal account, which was paid out of Pino's payroll commercial account with BCB within the meaning of N.J.S.A. 12A:4-205. The substitute checks show physical presentment to Checks-2-Cash and the subsequent deposit on February 9 and 12, 2021 at BCB. Moreover, each check bore the notation "DUPLICATE " and "This is a LEGAL COPY of your check. You can use it the same way you would use the original check." The checks also bore the notation "return reason – duplicate presentment."

We are satisfied the motion judge correctly applied these well-established principles and appropriately concluded Pino's obligation to pay the payroll

checks was discharged under N.J.S.A. 12A:3-414(c) because the checks had already been paid.

We defer to a trial court's evidentiary rulings absent an abuse of discretion. State v. Garcia, 245 N.J. 412, 430 (2021). "[T]he decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion." State v. Prall, 231 N.J. 567, 580 (2018) (internal quotation marks omitted) (quoting Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 383-84 (2010)). Under that deferential standard, appellate courts "review a trial court's evidentiary ruling only for a 'clear error in judgment.'" State v. Medina, 242 N.J. 397, 412 (2020) (quoting State v. Scott, 229 N.J. 469, 479 (2017)). However, an evidentiary decision is reviewed de novo if the trial court applies the wrong legal standard in deciding to admit or exclude the evidence. Hassan v. Williams, 467 N.J. Super. 190, 214 (App. Div. 2021).

We discern from the record the substitute checks were admitted as business records under N.J.R.E. 803(c)(6) to establish payment upon the initial presentment. Pursuant to N.J.R.E. 1003, "[a] duplicate as defined by Rule 1001(d) is admissible to the same extent as an original unless a genuine question is raised about the original's authenticity, or the circumstances make it unfair to admit the duplicate." See also Biunno, Weissbard & Zegas, N.J. Evidence Rules

A-3463-21

Annotated, cmt. 1 to R. 1002 ("[T]he use of duplicates as authorized by Rule 1003 significantly diminishes the preference previously accorded originals under New Jersey law.")

Check 21 does not preempt New Jersey rules of evidence regarding the admission of the substitute checks because, under federal law, a bank is permitted to provide either the original check or a substitute check. Here, the substitute checks, pursuant to federal law, bore the required language that the checks could be used in the same manner as the original checks. Based on those standards, the motion judge did not abuse his discretion in admitting and considering the substitute copies of the payroll checks as evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-3463-21